UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARC A. MANZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4: 20 CV 1527 DDN |
| | ) | |
| ST. CHARLES COUNTY, | ) | |
| UNKNOWN CONTROL ROOM | ) | |
| OFFICER, | ) | |
| UNKNOWN WELLNESS CHECK | ) | |
| OFFICER(S), and | ) | |
| UNKNOWN DUTY OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions:

(1)     the motion of defendants Unknown Duty Officer, Unknown Control Room
Officer, and Unknown Wellness Check Officer to dismiss pursuant to Fed.
R. Civ. P. 41(b) (Doc. 24);

(2)     the motion of defendants St. Charles County, Unknown Duty Officer,
Unknown Control Room Officer, and Unknown Wellness Check Officer to
enforce an order for initial disclosures (Doc. 25);

(3)     the motion of defendants St. Charles County, Unknown Duty Officer,
Unknown Control Room Officer, and Unknown Wellness Check Officer to
extend deadlines (Doc. 26); and

(4)     the motion of plaintiff Marc A. Manzo to compel defendants to provide the
legal names of the unknown defendant officers (Doc. 27); [1] and

---

[1] Plaintiff's filing is styled as "Plaintiff's Formal Disclosure of Unknown Defendants All
in Seeking the Court's Order to Compel Defendant to Provide Legal Names."  (Doc. 27 at
1.)  This filing is a motion to compel defendants to provide the legal names of defendant

(5)     the motion of plaintiff for an extension of time to provide the disclosures required by the Court in its Order of August 10, 2021 (Doc. 28).

The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

## BACKGROUND

Plaintiff alleges the following in his amended complaint. (Doc. 9.) While in confinement in the St. Charles Detention Center, he requested placement in a protective environment because he was working on his legal defense and believed that he would be subject to risk if fellow inmates were able to see the details of his case. (*Id*. at 5.) Despite his requests, plaintiff was placed in a cell with a known violent inmate. (*Id*.) On May 22, 2017, plaintiff's cellmate beat plaintiff about the head, causing significant injuries to his eye and face that ultimately caused loss of sight in one eye. (*Id*.) Plaintiff asserts that defendant-officers showed deliberate indifference by placing plaintiff in harm's way, ignoring his pleas for help, and refusing to inquire about his injuries or remove him from the cell. (*Id*. at 5-6.) He further asserts that defendant St. Charles County failed to provide proper policy, protocols, and training for its staff, thereby violating his Eighth Amendment right to be protected. (*Id*. at 6.)

Plaintiff filed his original complaint on October 23, 2020. (Doc. 1.) On February 10, 2021, the Court ordered plaintiff to file an amended complaint to cure pleading deficiencies. (Doc. 6.) Plaintiff filed his amended complaint on March 15, 2021. (Doc. 9.) In addition to a claim against St. Charles County, he asserted claims against the duty officer, control room officer, and wellness check officer(s), whose legal names he did not know. (*Id*. at 8-10.)

---

"Duty Officer", defendant "Control Room Officer", and defendant "Wellness Check Officer(s)". The Court directs the Clerk to modify the docket entry of Doc. 27 to be "Motion to compel defendants to provide the legal names of defendant Duty Officer, defendant Control Room Officer, and defendant Wellness Check Officer(s).

On August 10, 2021, the Court issued a case management order directing the parties to make certain disclosures:

> 3. No later than **Wednesday, September 8, 2021**, the parties must make the following disclosures:
>
> (A) Plaintiff shall submit to the defendants a list, including addresses, of all persons having knowledge or information of the facts giving rise to plaintiff's claim.
>
> (B) Plaintiff shall submit to the defendants all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim.
>
> (C) Defendants shall submit to the plaintiff a list of the names and home or business addresses of all persons having knowledge or information of the facts giving rise to plaintiff's claim, subject to the following exception. In the case of persons no longer employed by the relevant governmental or other entity, defense counsel may, in lieu of providing an address, state that the person may be contacted through defense counsel; defendants must provide home and business addresses for such persons to the United States Marshal on an ex parte basis, if requested by the Marshal or ordered by the Court.
>
> (D) Defendants shall provide a description, by category and location, of all documents which are relevant to the facts giving rise to plaintiff's claim. Defendants shall, at their option, provide copies of the described documents to the plaintiff, or allow plaintiff to inspect the documents and obtain copies, with the following exceptions. Defendants need not produce individual files of prisoners who are not parties to the action. Defendants may object to the disclosure of documents by serving written objections upon the plaintiff, in lieu of producing the documents to which the objections apply.

The case management order also directed plaintiff to file a motion for substitution of party, providing the legal names of unknown defendants, by November 8, 2021.  (Doc. 19 at ¶ 4.)

## DISCUSSION

Pursuant to Fed. R. Civ. P. 41(b), defendant-officers move to dismiss the claims against them because plaintiff has failed to file a motion for substitution of party, providing the legal names of defendant officers.  (Doc. 24 at 1.)  All defendants move to enforce the case management order for initial disclosures, stating that they served their initial disclosures on November 4, 2021, but plaintiff has not served defendant with his disclosures.  (Doc. 25 at 1.)  They also move to modify the scheduling order to extend deadlines for completing discovery and filing a motion for summary judgment.  (Doc. 26 at 2.)

In response, plaintiff states that he did not receive the August 10 case management order, so he was not aware of his obligation to provide disclosures.  (Doc. 27 at 1.)  Further, he moves to compel defendant St. Charles County to provide the legal names of defendant-officers, as it maintains employment schedules and records that identify the defendant-officers.

The Court has reviewed the case file and the parties' arguments, and it concludes that the just litigation of this action will benefit from the appointment of counsel to represent plaintiff, who is presently proceeding pro se.  *See* 28 U.S.C. § 1915(e)(1).  Although plaintiff has not requested counsel, the Court has broad discretion to decide whether to appoint counsel for an indigent civil litigant, "taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim."  *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).  Plaintiff has alleged that defendants' deliberate indifference and failure to intervene resulted in serious injuries, including loss of eyesight; appointment of counsel will assist plaintiff and the Court in just litigation of plaintiff's claims.  *See id.*

Fed. R. Civ. P. 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  "Dismissal with prejudice under Rule 41(b) is a drastic sanction which should be used sparingly."  *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (cleaned up).  Because plaintiff asserts that he did not receive the case management order notifying him of his

- 4 -

obligation to make disclosures to defendants, and the Court has determined to appoint counsel for plaintiff, the Court will provide him an opportunity to make the required disclosures in compliance with the Court's order.

"An action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  In such a case, the Court may order disclosure of the unknown party's identity by other defendants named, or it may permit the plaintiff to identify the unknown party through discovery.  *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).  Plaintiff's amended complaint provides the date of the alleged assault, as well as the particular roles in which the defendant-officers were acting at the time of the assault.  His allegations are specific enough to permit St. Charles County to identify and disclose to plaintiff the unknown defendant-officers.  The Court therefore grants plaintiff's motion to compel.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Clerk of Court select private counsel to be appointed to represent plaintiff in this action from the panel of available pro bono attorneys, pursuant to the Plan for the Appointment of Pro Bono Counsel.  A separate Notice of Appointment of Pro Bono Counsel shall be entered by the Clerk.

Appointed counsel is advised that all applications for disbursement of funds from the Eastern District's Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06; by the November 22, 2021 Administrative Order concerning the Attorney Admission Fee Non-Appropriated Fund; and by the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-Of-Pocket Expenses Incurred in Civil and Bankruptcy Proceedings. The order, regulations, and a request form for compensation and expenses can be obtained from the Court's Internet website, www.moed.uscourts.gov.

**IT IS FURTHER ORDERED** that the motion of defendants Unknown Duty Officer, Unknown Control Room Officer, and Unknown Wellness Check Officer to dismiss pursuant to Fed. R. Civ. P. 41(b) **(Doc. 24) is denied without prejudice**.

**IT IS FURTHER ORDERED** that the motion of defendants to enforce an order for initial disclosures **(Doc. 25) is granted**.  No later than 60 days after the appointment, plaintiff's counsel must disclose to defendants the persons and documents listed in paragraphs 3(A) and 3(B) of the August 10, 2021 case management order.

**IT IS FURTHER ORDERED** that defendants' motion to modify the scheduling order **(Doc. 26) is granted**.  No later than 45 days after appointment of plaintiff's counsel, the parties must submit a joint proposed scheduling plan.

**IT IS FURTHER ORDERED** the Clerk modify the docket entry of Doc. 27 to conform with "Motion of plaintiff to compel defendants to provide the legal names of defendant Duty Officer, defendant Control Room Officer, and defendant Wellness Check Officer(s)."

**IT IS FURTHER ORDERED** that plaintiff's motion to compel **(Doc. 27) is granted**.  Not later than 30 following the appointment of counsel to represent plaintiff, defendant St. Charles County must disclose to plaintiff's appointed counsel the identities of the alleged unknown defendant officers.

**IT IS FURTHER ORDERED** that the motion of plaintiff for an extension in which to make the disclosures ordered by the Court on August 10, 2021 **(Doc. 28) is sustained. Plaintiff has 60 days from the appointment of counsel for plaintiff to file said disclosures.**

_____/s/ David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 14, 2022.