UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARC A. MANZO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-cv-01527-JSD ) ) |
| ST. CHARLES COUNTY, et al., | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Marc A. Manzo's ("Manzo") Motion for Leave to Amend Complaint to Join Additional Parties and Memorandum in Support ("Motion") [ECF Nos. 92, 93]. Defendant St. Charles County ("St. Charles County") filed a response in opposition to Manzo's Motion on May 29, 2024 [ECF No. 94]. The Motion is fully briefed and ready for disposition. For the following reasons, Manzo's Motion is denied.

### I.   BACKGROUND

Manzo filed his initial complaint in this action on October 23, 2020 [ECF No. 1]. Manzo then filed an amended complaint on March 15, 2021, naming St. Charles County, an unknown "Duty Officer," an unknown "Control Room Officer," and an unknown "Wellness Check Officer" as defendants [ECF No. 9]. Manzo alleges that, on or about May 22, 2017, officers at the St. Charles County Jail violated his constitutional rights when they negligently and/or intentionally locked him in a jail cell with an inmate known to be violent, who beat him, severely injuring his eye, and subsequently denied Manzo medical care. [*See* ECF Nos. 1, 9]. On October 19, 2022, filed a second amended complaint, which again referred unknown defendants [ECF No. 43].

On February 26, 2024, this Court amended the Case Management Order to allow for amendments and the joinder of parties to up to and including May 15, 2024. [ECF No. 86] Notably,

at that time this Court also set the discovery deadline of July 1, 2024, and ordered that St. Charles County provide Manzo with "a list of names of the control room officers working the overnight shifts from May 20, 2017 through May 23, 2017; the officers working the overnight shifts between May 20, 2017 through May 23, 2017; and the officers working from May 20, 2017 through May 23, 2017 with authority to make inmate cell changes" by March 14, 2024. *Id.*

On May 15, 2024, Manzo filed the instant Motion, seeking to list forty-one additional defendants in this matter, on the grounds that the St. Charles County had only recently provided the identities of the officers on duty the day at issue to Manzo. Attached to Manzo's Motion was their proposed Second Amended Complaint ("Proposed Amended Complaint") [ECF No. 92-1]. On May 29, 2024, St. Charles County filed their Memorandum in Opposition, arguing that (1) allowing Manzo to file the proposed Amended Complaint would be futile because it would not withstand a motion to dismiss by the new proposed defendants under Rule 12(b)(6); the timing of Manzo's addition of forty-one additional defendants would cause undue delay to the case and undue prejudice to St. Charles County; and (3) Manzo failed to comply with E.D.Mo. L.R. 4.07 Motion for Leave to Amend.

## II.   LEGAL STANDARD

Rule 15 requires that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). When a motion for leave is filed within the time period set forth in the court's case management order, a party does not have to demonstrate good cause.[1] *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). However, although this is a liberal standard, it does not give parties the absolute right to amend. *Id*. A court can still deny a motion

---

[1] Here, Manzo filed the instant Motion to join additional parties within the allowed time period as set forth in this Court's case management order. [ECF No. 85]

2

for leave when "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id*.

### III. DISCUSSION

A court can find that amendment is "futile" when the amended complaint could not survive a motion to dismiss under Rule 12(b)(6). *See Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). Here, Manzo's claims do not allege the plausible facts necessary to survive a 12(b)(6) motion and, therefore, are futile.

A government official "is only liable for his ... own misconduct," *Whitson v. Stone County Jail,* 602 F.3d 920, 928 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Meaning that, for a § 1983 claim to survive a motion to dismiss, a plaintiff must plead plausible facts that show that each individual officer was personally involved in the alleged violations of his constitutional rights. *Id.*

In *Faulk*, the Eighth Circuit upheld a trial court's dismissal of plaintiff's § 1983 action against a police officer when the trial court concluded that plaintiff was not entitled to conduct additional discovery prior to that dismissal because, while plaintiff had conducted extensive discovery to determine the identity of unnamed defendants and their specific roles in the alleged violations, the plaintiff's amended complaint still did not allege facts that would allow the court to infer that the officer was personally involved in the alleged violations of plaintiff's constitutional rights. *Faulk v. City of St. Louis, Missouri*, 30 F.4th 739, 746 (8th Cir. 2022) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief.").

Here, as in *Faulk*, the allegations contained in Manzo's Proposed Amended Complaint do not provide a sufficient factual basis to indicate that any of the forty-one additional defendants

3

were personally involved in the alleged constitutional violations, only that they were working at the time they occurred. [*See* ECF No. 92-1]. Without additional facts, Manzo's allegation that all forty-one defendants were involved "individually and collectively" in violating Manzo's constitutional rights is a mere legal conclusion – not a sufficient factual allegation to survive a motion to dismiss under *Iqbal*. *See Faulk,* 30 F.4th at 745-746 ("[W]ithout the factual enhancement, the naked allegations…are merely legal conclusions."). Furthermore, also like *Faulk*, Manzo has had a significant time to conduct discovery and develop more specific allegations about which individual officers were personally involved in the allege constitutional violations, and the role they played – but has failed to do so. Because Manzo's amended complaint cannot meet that standard, his claims cannot survive a Motion to Dismiss as to the additional proposed defendants and are therefore futile.

### IV.   CONCLUSION

There, this Court denies Manzo's Motion on the basis that his Proposed Amended Complaint would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that Manzo's Motion for Leave to File Amended Complaint to Join Additional Parties [ECF No. 92] is **DENIED.**

Dated this 17th day of June, 2024.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

4