UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARC A. MANZO, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-cv-01527-JSD |
| ST. CHARLES COUNTY, et al., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Marc A. Manzo's ("Manzo") Second Motion for Leave to Amend Complaint to Join Additional Parties and Memorandum in Support ("Motion") [ECF Nos. 113, 114]. Defendant St. Charles County ("SCC") filed a response in opposition to Manzo's Motion on October 28, 2024 [ECF No. 117]. The Motion is fully briefed and ready for disposition. For the following reasons, Manzo's Motion is denied.

## BACKGROUND

For his claims, Manzo essentially alleges that, on or about May 22, 2017,[1] while he was an inmate at the SCC Jail, officers at that institution violated his constitutional rights when they negligently and/or intentionally locked him in a jail cell with a known violent inmate, who beat him and caused severe injury to his eye. [ECF No. 1, 9] Manzo also maintains that the officers subsequently denied him medical care. *Id.* He filed his initial *pro se* "Civil Complaint" in this action on October 23, 2020. [ECF No. 1] He then filed a *pro se* "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983," or amended complaint, on March 15, 2021, naming SCC, an unknown "Duty Officer," an unknown "Control Room Officer," and an unknown "Wellness Check Officer"

---

[1] In his proposed Second Amended Complaint, Manzo alleges that the assault occurred on May 21, 2017.

as Defendants. [ECF No. 9] The Court appointed counsel to represent Manzo on April 7, 2022. [ECF No. 33] Thereafter, on October 19, 2022, Manzo, through counsel, filed a pleading entitled, "First Amended Complaint" against the same unknown Defendants. [ECF No. 43] His claims for deliberate indifference in Counts I, II, and III were made under § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution. *Id*.

On February 26, 2024, this Court amended the Case Management Order to allow for amendments and the joinder of parties by May 15, 2024. [ECF No. 86] This Court also set the discovery deadline of July 1, 2024, and ordered that SCC provide Manzo with:  "a list of names of the control room officers working the overnight shifts from May 20, 2017 through May 23, 2017; the officers working the overnight shifts between May 20, 2017 through May 23, 2017; and the officers working from May 20, 2017 through May 23, 2017 with authority to make inmate cell changes" by March 14, 2024. *Id.*

On May 15, 2024, Manzo filed a Motion for Leave to File an Amended Complaint to Join Additional Parties ("Motion for Leave"), with accompanying Memorandum in Support, wherein he sought to add forty-one identified additional defendants on the grounds that SCC had only recently provided the names of the officers working on the day in question. [ECF Nos. 92, 93] On May 29, 2024, SCC filed their Memorandum in Opposition, arguing that (1) allowing Manzo to file the proposed Amended Complaint would be futile because it would not withstand a motion to dismiss by the new proposed defendants under Rule 12(b)(6); the timing of Manzo's addition of forty-one additional defendants would cause undue delay to the case and undue prejudice to SCC; and (3) Manzo failed to comply with E.D. Mo. L.R. 4.07 Motion for Leave to Amend. [ECF No. 94]

On June 17, 2024, this Court denied Manzo's Motion for Leave because amending the

2

Complaint would be futile as it would not survive a motion to dismiss. [ECF No. 98] More specifically, the Court concluded that Manzo's proposed Amended Complaint failed to "provide a sufficient factual basis to indicate that any of the forty-one additional defendants were personally involved in the alleged constitutional violations, only that they were working at the time the occurred." *Id*. at 4.   The Court found that "Manzo's allegation that all forty-one defendants were involved 'individually and collectively' in violating Manzo's constitutional rights [was] a mere legal conclusion – not a sufficient factual allegation to survive a motion to dismiss." *Id*.

Notably, the deadline to join additional parties passed on May 15, 2024. [ECF No. 86] The discovery deadline in this matter also passed on August 15, 2024. [ECF No. 100]. On September 18, 2024, SCC filed a Motion for Summary Judgment [ECF No. 103] and a Motion to Dismiss Unknown Duty Officer (Count I), Unknown Control Room Officer (Count II), and Unknown Wellness Check Officers (Count III). [ECF No. 106] On October 18, 2024, Manzo filed the instant Motion, seeking to "Name the [SCC Department of Corrections] officials responsible for assigning Manzo to shared cells with other inmates and for ignoring and/or denying Manzo's repeated requests to be segregated from the generation population in violation of Defendant [SCC]'s own Policy No. 902." [ECF No. 114] He argues that this Court should grant his Motion because only recently, through the discovery process, he has been able to identify those responsible for his claims. [ECF Nos. 93, 114] Remarkably, at the time that the instant Motion was filed, the matter was set for trial on December 2, 2024.[2] [ECF No. 100]

---

2 In anticipation of orders related to dispositive motions, this Court has vacated the December 2, 2024, trial setting. [ECF No. 121].

**LEGAL STANDARD**

A motion for leave to amend a pleading involves standards under both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure. *See Lexington Ins. Co. v. S & N Display Fireworks, Inc.,* No. 1:11-CV-40 CEJ, 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this is a liberal standard, a court can still deny a motion for leave when "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the non-moving party, or futility of the amendment." *Id.* However, when the deadline to amend pleadings has passed under the court's scheduling order, a party must demonstrate "good cause," as required by Rule 16, in order to be granted leave to amend. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Nwinee v. St. Louis Developmental Disabilities Treatment Centers,* No. 4:18 CV 1460 (JMB), 2020 WL 1065649, at *2 (E.D. Mo. Mar. 5, 2020).

**DISCUSSION**

I.   **Futility under Rule 15**

Under the Rule 15 standard, as stated above, denial of a motion for leave to amend may be proper if filing the amendment would be futile in the face of a motion to dismiss. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). An amendment is considered "futile" when the proposed amended complaint could not survive a motion to dismiss under Rule 12(b)(6). *See Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). "In turn, a motion to dismiss may only be granted if, taking all facts alleged in the complaint as true, and

4

construing the complaint liberally in the light most favorable to the plaintiff, it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." *Trademark Medical, LLC v. Birchwood Labs., Inc.*, 22 F. Supp.3d 998, 1002 (E.D. Mo. 2014) (citing *Carpenter Outdoor Adver. Co. v. City of Fenton*, 251 F.3d 686, 688 (8th Cir. 2001)).

Here, Manzo's proposed amendment would not survive a motion to dismiss. To be sure, the amended claims do not relate back to his original complaint and, therefore, violate the statute of limitations. Also, the proposed amendment fails to allege plausible facts necessary to survive a Rule 12(b)(6) motion. As such, filing the amended complaint would be futile, and denial of the motion for leave to amend is proper.

### A. Relation Back

Defendants argue, among other things,[3] that Manzo's proposed amendment would not survive a motion to dismiss because the amended claims do not relate back to his original complaint and, therefore, would violate the statute of limitations. This Court agrees. For § 1983 claims arising in Missouri, the statute of limitations is five years. *See Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005); *see also* 42 U.S.C. §1983; MO. REV. STAT. §516.120(4). Manzo's claims arise from events occurring in May of 2017. His alleged injuries manifested around November or December of 2017, after he was transferred to another facility. He was diagnosed in December of 2017. *See* MO. REV. Stat. §516.100 (action must commence within prescribed period after damage is capable of ascertainment). Thus, the latest the five-year statute of limitations would have run was December of 2022.

Under Rule 15(c)(1)(C), an amended complaint with newly identified defendants would not relate back to the date of the original filing and would be barred by the statute of limitations.

---

3 The Court addresses only those arguments supporting this order denying Manzo's Motion.

In relevant part, Rule 15(c)(1)(C) states as follows:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> […](C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Pointedly, the Eighth Circuit has held that a plaintiff's lack of knowledge of a defendant's identity does not qualify as a "mistake" under this rule. *See Heglund v. Aitkin Cnty*, 871 F.3d 572, 579-580 (8th Cir. 2017). As such, a plaintiff's amendment naming a defendant in place of a previously pled "unknown defendant" does not relate back to the date of the original filing. *Id*.

Here, Manzo amended his complaint on March 15, 2021. He amended his complaint again on October 19, 2022. Both pleadings named individual Defendants as "Unknown." [ECF Nos. 9, 43] Manzo's recent attempts in May and September of 2024 to amend his complaint and specifically name defendants were due to inadequate knowledge and not mistake. [ECF No. 114] Therefore, under the plain language of Rule 15(c)(1)(C), any amended complaint with newly identified defendants would not relate back to the date of the original filing, would be barred by the statute of limitations, and, therefore, would not withstand a motion to dismiss.

### B. Sufficiency of Allegations

Defendants also allege that Manzo's proposed amendments could not survive a motion to dismiss and are futile because the amended claims are not sufficiently specific to establish liability and are defeated by qualified immunity. More to it, SCC argues that Manzo's claims of constitutional violations fail because "[s]imply alleging that the employees were working on a particular date and providing generalized allegations to the proposed defendants and their alleged

6

'collective unconstitutional conduct' without specificity to each defendant is insufficient to establish liability in a Section 1983 claim[.]" [ECF No. 117, at 9] This Court agrees.

A prison official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998) (quotation omitted). This claim has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000); *see also Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As prisons are inherently dangerous environments, "[i]t is not ... every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.

Nevertheless, the "Eighth Amendment's prohibition on cruel and unusual punishment . . . protects prisoners from deliberate indifference to serious medical needs." *Anderson v. E. Diagnostic & Reception Corr. Ctr.*, No. 4:23-CV-00454-SEP, 2024 WL 324073, at *3 (E.D. Mo. Jan. 29, 2024) (citing *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). "To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). "A medical need is serious if it is 'obvious to the layperson or supported by medical evidence, like a physician's diagnosis.'" *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (quoting *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995)).

Additionally, in a § 1983 inquiry, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). Thus, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*  Recently, in *Faulk v. City of St. Louis, Missouri*, the Eighth Circuit upheld a trial court's dismissal of plaintiff's § 1983 action against a police officer when the trial court concluded that plaintiff was not entitled to conduct additional discovery prior to that dismissal because, while plaintiff had conducted extensive discovery to determine the identity of unnamed defendants and their specific roles in the alleged violations, the plaintiff's amended complaint still did not allege facts that would allow the court to infer that the officer was personally involved in the alleged violations of plaintiff's constitutional rights. 30 F.4th 739, 746 (8th Cir. 2022) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief.") (citing *Iqbal*, 556 U.S. at 679) (cleaned up).

Here, in his proposed amended complaint, Manzo alleges two claims of deliberate indifference to a substantial risk of serious harm under the Fourteenth Amendment and one claim of deprivation of medical care amounting to cruel and unusual punishment under the Eighth Amendment. [*See* ECF No. 114-1].   As in *Faulk*, the allegations contained in Manzo's Proposed Amended Complaint fail to provide a sufficient factual basis to indicate that any of the additional defendants were personally involved in the alleged constitutional violations, only that they were working in certain roles at the time they occurred. The addition of the names of those on duty and the existence of Policy No. 902 does not change this analysis. While Manzo argues that Policy No. 902 required Manzo to be segregated from other inmates [*see* ECF No. 114, at 4-5], the policy does not mandate such a requirement [ECF No. 114-2]. More to it, even if Manzo demonstrated a

8

policy violation, that alone fails to rise to the level of a constitutional violation. *See Vandevender v. Sass*, 970 F.3d 972, 978 (8th Cir. 2020) ("We have repeatedly held that violations of prison policy or regulations alone are not enough to establish deliberate indifference under the Eighth Amendment."); *Jackson v. Gutzmer*, 866 F.3d 969, 977 (8th Cir. 2017); *Falls*, 966 F.2d at 380; *cf. Kulkay*, 847 F.3d at 645 ("[S]afety regulations do not establish a standard for Eighth Amendment violations.").

To be sure, Manzo has failed to allege facts demonstrating that each named defendant had a subjective awareness of a risk of harm and subjectively drew the inference from that awareness, or that each named defendant had actual knowledge of his medical need and deliberately disregarded it. *See Rich v. Bruce*, 129 F.3d 336, 339 (4th Cir. 1997); *Tucker v. Evans,* 276 F.3d 999, 1002 (8th Cir. 2002); *Anderson*, 2024 WL 324073, at *3. As such, without these essential facts, Manzo's allegations that SCCDOC officials collectively failed to segregate Manzo and deliberately disregarded his injuries do not constitute sufficient factual allegations to survive a motion to dismiss under *Iqbal*. *See Faulk,* 30 F.4th at 745-746 ("[W]ithout the factual enhancement, the naked allegations…are merely legal conclusions."). Also, like *Faulk*, Manzo has had significant time to conduct discovery and develop more specific allegations about which individual officers were personally involved in the alleged constitutional violations, and the role they played — but has failed to do so. Because Manzo's amended complaint as to the additional proposed defendants fails to meet that standard, his proposed claims would not survive a motion to dismiss and, therefore, are futile.

Moreover, the proposed amendments would also be futile because the defendants would be entitled to qualified immunity under the allegations of the Second Amended Complaint. Qualified immunity shields government officials performing discretionary functions from civil

9

liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). Indeed, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In this case, Defendants are entitled to qualified immunity unless Manzo has plausibly stated both (i) a claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment, and (ii) that the right was clearly established at the time of the alleged violation. *See Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017). Because the Court has found that Manzo failed to plausibly allege an Eighth Amendment violation, the Court need not address the "clearly established" requirement. *Vandevender*, 970 F.3d at 975.

Furthermore, the proposed amended complaint is also defeated by qualified immunity because the pleading fails to allege that the Defendants violated Manzo's Eighth Amendment rights. In numerous cases, the Eighth Circuit has upheld the grant of qualified immunity from § 1983 damage claims to prison officials who allegedly failed to protect an inmate from another inmate's surprise attack. *Id*. at 976 (citing *Curry*, 226 F.3d at 978-79 (collecting cases), and *Tucker v. Evans*, 276 F.3d 999 (8th Cir. 2002)). "[B]ecause prisons are dangerous places, housing the most aggressive among us and placing violent people in close quarters, ... prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another." *Everett*, 140 F.3d at 1152 (cleaned up). Manzo's proposed amended complaint is devoid of any allegation that would demonstrate a constitutional violation by any specific defendant or that this case was anything but a surprised attack by a previously nonviolent assailant. *See also Vandevender*, 970 F.3d at 976 ("The Amended Complaint does *not* allege (i) that Vandevender had previously been threatened by Latimer or by any other MCF-Rush City inmate; (ii) that Latimer was known to be

a violent, volatile inmate; (iii) that Vandevender and Latimer had previously argued or fought, been cellmates at any time, or even knew each other; or (iv) that either Vandevender or Latimer had recently been in protective custody or in a restrictive status such as administrative segregation."). As a result, the Court holds that the proposed amended complaint would be futile because the defendants would be entitled to qualified immunity under the facts as alleged.

## II.     Good Cause Under Rule 16

This Court further finds that Manzo has not demonstrated good cause for failing to comply with the May 15, 2024, deadline for the filing of motions for amendment to the pleadings as set forth in this Court's February 26, 2024, case management order. [ECF No. 86 ¶ 5]. "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). "[P]laintiff must show that he acted with diligence but still could not reasonably have met the deadline for motions to amend pleadings *Nwinee*, 2020 WL 1065649, at *2.

In this case, to explain his failure to timely assert these claims, Manzo cites the existence of Policy No. 902 "regarding administrative segregation, and the testimony adduced by officers that a failure to segregate inmates who qualify for segregation amounts to a violation of the policy, and because the identities of those SCCDOC officials responsible for adherence to the policy was not known until after the depositions of certain officials on September 12, 2024." [*See* ECF No. 114, at 5]. However, it is apparent that this policy information was available to Manzo as early as June 26, 2023. [ECF Nos. 118-8, at 4; 112-8]. Indeed, Manzo had access to the names of the proposed named defendants over two years ago, on May 9, 2022 [ECF No. 117-1]. Discovery is now closed, SCC has filed for summary judgment, and this case is ready for disposition or trial.

11

As such, this Court denies Manzo's Motion to Amend under Rule 16 for failure to show good cause. *See Trademark Med., LLC v. Birchwood Lab'ys, Inc.,* 22 F. Supp. 3d 998, 1004 (E.D. Mo. 2014).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Manzo's Second Motion for Leave to File Amended Complaint to Join Additional Parties [ECF No. 113] is **DENIED.**

Dated this 27th day of November, 2024.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**