UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARC A. MANZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:20-cv-01527-JSD |
| v. ) | |
| ) | |
| ST. CHARLES COUNTY, et al., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is currently before the Court on Defendants' Motion to Dismiss Unknown Duty Officer (Count I), Unknown Control Room Officer (Count II), and Unknown Wellness Check Officers (Count III) ("Motion to Dismiss") and Memorandum in Support of Defendants' Motion to Dismiss, which were filed on September 18, 2024 [ECF Nos. 106, 107]. Plaintiff Marc A. Manzo ("Manzo") timely filed his Response in Opposition to Defendants' Motion to Dismiss on October 18, 2024. [ECF No. 110] Defendants filed their Reply Memorandum in Support of Motion to Dismiss on November 1, 2024. [ECF No. 118] The Motion to Dismiss is fully briefed and ready for disposition. For the following reasons, the Motion to Dismiss is granted.

### I.   BACKGROUND

For his claims, Manzo essentially alleges that, on or about May 22, 2017,[1] while he was an inmate at the St. Charles County ("SCC") Jail, officers at that institution violated his constitutional rights when they negligently and/or intentionally locked him in a jail cell with a known violent inmate, who beat him and caused severe injury to his eye. [ECF No. 1, 9] Manzo also maintains that the officers subsequently denied him medical care. *Id.* He filed his initial *pro*

---

1 In his proposed Second Amended Complaint, Manzo alleges that the assault occurred on May 21, 2017.

*se* "Civil Complaint" in this action on October 23, 2020. [ECF No. 1] He then filed a *pro se* "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983," or amended complaint, on March 15, 2021, naming SCC, an unknown "Duty Officer," an unknown "Control Room Officer," and an unknown "Wellness Check Officer" as Defendants. [ECF No. 9] The Court appointed counsel to represent Manzo on April 7, 2022. [ECF No. 33] Thereafter, on October 19, 2022, Manzo, through counsel, filed a pleading entitled, "First Amended Complaint" which again referred to unknown Defendants. [ECF No. 43] His claims for deliberate indifference in Counts I, II, and III were made under § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution. *Id*.

On February 26, 2024, this Court amended the Case Management Order to allow for amendments and the joinder of parties by May 15, 2024. [ECF No. 86] This Court also set the discovery deadline of July 1, 2024, and ordered that SCC provide Manzo with: "a list of names of the control room officers working the overnight shifts from May 20, 2017 through May 23, 2017; the officers working the overnight shifts between May 20, 2017 through May 23, 2017; and the officers working from May 20, 2017 through May 23, 2017 with authority to make inmate cell changes" by March 14, 2024. *Id.*

On May 15, 2024, Manzo filed a Motion for Leave to File an Amended Complaint to Join Additional Parties ("Motion for Leave"), with accompanying Memorandum in Support, wherein he sought to add forty-one additional defendants on the grounds that SCC had only recently provided the names of the officers working on the day in question. [ECF Nos. 92, 93] On May 29, 2024, SCC filed its Memorandum in Opposition, arguing that (1) allowing Manzo to file the proposed Amended Complaint would be futile because it would not withstand a motion to dismiss by the new proposed defendants under Rule 12(b)(6); the timing of Manzo's addition of forty-one additional defendants would cause undue delay to the case and undue prejudice to SCC; and (3)

2

Manzo failed to comply with E.D.Mo. L.R. 4.07. [ECF No. 94]

On June 17, 2024, this Court denied Manzo's Motion for Leave because amending the Complaint would be futile as it would not survive a motion to dismiss. [ECF No. 98] More specifically, the Court concluded that Manzo's proposed Amended Complaint failed to "provide a sufficient factual basis to indicate that any of the forty-one additional defendants were personally involved in the alleged constitutional violations, only that they were working at the time the occurred." *Id*. at 4. The Court found that "Manzo's allegation that all forty-one defendants were involved 'individually and collectively' in violating Manzo's constitutional rights [was] a mere legal conclusion – not a sufficient factual allegation to survive a motion to dismiss." *Id*. Nevertheless, Manzo filed his Second Motion for Leave to File an Amended Complaint ("Second Motion for Leave") on October 18, 2024. [ECF No. 113] For reasons stated in its Order and Memorandum filed contemporaneously herein, this Court denied the Second Motion for Leave. [ECF No. 122] As such, Manzo's current, operative pleading is the four-count First Amended Complaint.

In relation to the instant Motion to Dismiss, the deadline to complete discovery passed on August 15, 2024. [ECF No. 100] Also, the deadline to file dispositive motions was September 18, 2024. [ECF No. 102] Consequently, Defendants filed not only this Motion but also its Motion for Summary Judgment on said date. [ECF No. 106, 103] At the time that the instant Motion to Dismiss was filed, the matter had been set for trial on December 2, 2024.[2] [ECF No. 100]

## STANDARD

When considering a Motion to Dismiss, courts must assume that all facts as alleged in the

---

2 In anticipation of orders related to dispositive motions, this Court vacated the December 2, 2024, trial setting. [ECF No. 121].

complaint are true. *Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017). Indeed, courts must liberally construe the complaint in the light most favorable to the plaintiff. *Id*. Under this standard "a motion to dismiss may only be granted if, taking all facts alleged in the complaint as true, and construing the complaint liberally in the light most favorable to the plaintiff, it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." *Trademark Medical, LLC v. Birchwood Labs., Inc.*, 22 F. Supp.3d 998, 1002 (E.D. Mo. 2014) (citing *Carpenter Outdoor Adver. Co. v. City of Fenton*, 251 F.3d 686, 688 (8th Cir. 2001)).

## II.   DISCUSSION

### 1. Unknown Individual Defendants

Defendants initially argue that Manzo's claims against the unknown individual defendants should be dismissed because Manzo still has not identified the individuals factually and legally responsible for his claims, the deadlines to amend pleadings, complete discovery, and file dispositive motions has passed, and the case is on the eve of trial.  In his response, Manzo asserts that the claims against the unknown defendants should not be dismissed because, following depositions taken in September of 2024, he is now able to identify the individuals responsible for his claims. Manzo further contends that this Court should grant his Second Motion for Leave to File an Amended Complaint, which names these individuals and would render Defendants' Motion to Dismiss moot.

As a threshold matter, this Court addresses Manzo's claims against individuals characterized as Unknown Defendants in Counts I, II, and III of his First Amended Complaint.[3] Although Manzo ultimately identified several individuals as defendants in his subsequent,

---

[3] The Court addresses the instant Motion to Dismiss in the context of its denial of Plaintiff's Second Motion for Leave to File an Amended Complaint.

4

although denied, proposed pleadings, this Court denied his requests for leave to amend his complaint for a variety of reasons as set forth in those respective orders. [*See* ECF Nos. 98, 122] Therefore, what remains are defendant perpetrators identified only as unknown "Duty Officer," unknown "Control Room Officer," and unknown "Wellness Check Officer."

In that context, "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (quoting *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985)). However, a court may properly dismiss an unknown party "when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Munz*, 758 F.2d at 1257. Indeed, dismissal is proper where "[t]he deadlines to serve pleadings, amend pleadings, join parties, and conduct discovery have all passed, and the case is […] on the eve of trial." *Jones v. City of St. Louis*, No. 4:19-cv-02583-AGF, 2022 WL 1553888 at *1 (E.D. Mo. May 17, 2022) (dismissing unidentified defendants after the deadlines to serve pleadings, amend pleadings, join parties, and conduct discovery have all passed, and the case is on the eve of trial); *see also Betts v. Jackson Cnty., Missouri*, No. 4:21-CV-00023-DGK, 2022 WL 605620, at *4 (W.D. Mo. Mar. 1, 2022) (dismissing unidentified Doe defendants after the deadline to file an amended complaint passed); *see also J.P. v. Doe I*, No. 4:14-CV-1882-RWS, 2016 WL 4720456, at *3 (E.D. Mo. Sept. 9, 2016).

Here, this case has reached the point where dismissal is proper. The alleged events occurred over seven years ago. This case has been pending in this Court since October of 2020. The Court has entered multiple case management orders and trial settings. The deadline to conduct discovery has passed. The deadline to file dispositive motions has passed. A summary judgment motion is pending and the case is now on the eve of trial. While the Court is mindful of Manzo's earnest

5

attempt to name the individuals responsible for his claims, more time and discovery would not identify the liable perpetrators.

Indeed, taking all facts alleged in Manzo's First Amended Complaint as true and construing the complaint liberally in the light most favorable to Manzo, it appears beyond a doubt that he can prove no set of facts which would entitle him to relief in Counts I, II, and III. To be sure, he has yet to specifically identify the individuals factually and legally responsible for his damages. Therefore, because Manzo may not otherwise maintain claims against unknown defendants at trial, the claims against Unknown Duty Officer (Count I), Unknown Control Room Officer (Count II), and Unknown Wellness Check Officers (Count III) are dismissed.

### 2. Statute of Limitations and Relation Back Under FED. R. CIV. P. 15(c)(1)(C) ("Rule 15(c)(1)(C)")

Defendants next argue that, even if this Court granted Manzo's Second Motion for Leave to File an Amended Complaint, [ECF No. 113] dismissal of the unknown defendants is nevertheless proper under the statute of limitations. This Court agrees. Indeed, the statute of limitations for federal § 1983 claims arising in Missouri is five years. *See Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005) (statute of limitations for § 1983 claims arising in Missouri is governed by Missouri's five-year statute of limitations for personal injury); *see also* 42 U.S.C. §1983; MO. REV. STAT. §516.120(4). Manzo's claims arise from events occurring in May of 2017. His alleged injuries manifested around November or December of 2017, after he was transferred to another facility. He was diagnosed in December of 2017. *See* MO. REV. Stat. §516.100 (action must commence within prescribed period after damage is capable of ascertainment). Thus, the latest the five-year statute of limitations would have run was December of 2022.

In that context, under Rule 15(c)(1)(C), an amended complaint with newly identified

defendants at this point would not relate back to the date of the original filing and would therefore be barred by the statute of limitations. In relevant part, Rule 15(c)(1)(C) states as follows:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> […](C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Pointedly, the Eighth Circuit has held that a plaintiff's lack of knowledge of a defendant's identity does not qualify as a "mistake" under this rule. *See Heglund v. Aitkin Cnty*, 871 F.3d 572, 579-580 (8th Cir. 2017). As such, a plaintiff's amendment naming a specific defendant in place of a previously pled "unknown defendant" does not relate back to the date of the original filing. *Id*.

Here, Plaintiff amended his complaint on March 15, 2021. He amended his complaint again on October 19, 2022. Both pleadings named individual defendants as "Unknown." [ECF Nos. 9, 43] Plaintiff's recent attempts in May and September of 2024 to amend his complaint and specifically name defendants were due to inadequate knowledge and not mistake. Therefore, an amended complaint filed now with newly identified defendants would not relate back to the date of the original filing and would be barred by the statute of limitations.

### III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Unknown Duty Officer (Count I), Unknown Control Room Officer (Count II), and Unknown Wellness Check Officers (Count III) Motion to Dismiss is GRANTED. [ECF No. 106]

Dated this 27th day of November, 2024.

                                        **JOSEPH S. DUEKER**
                                        **UNITED STATES MAGISTRATE JUDGE**